**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

NATHANIAL HARRIS,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )
                                     )    C.A. No. N14C-03-220 ASB
FORD MOTOR CO., et al.,              )
                                     )
        Defendants.                  )
                                     )
                                     )
                                     )

May 10, 2017

*Upon Defendant Ford Motor Company's*
*Motion for Summary Judgment*.  **GRANTED**.

## <u>ORDER</u>

Plaintiff, Nathanial Harris' (hereinafter "Plaintiff") claims cannot survive the summary judgment criteria.[1]

Plaintiff passed away on June 24, 2015 from lung cancer.  Plaintiff claims that he was occupationally exposed to Ford Motor Company's (hereinafter "Defendant") product when he worked as a farmer/maintenance man between 1949 and 1992 at Cobb Farm in North Carolina.  Plaintiff provided his video deposition

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see also Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

taken on October 21, 2014, and he is the only product identification witness. While at Cobb Farm, Plaintiff stated that his job included pulling tobacco, shaking peanuts, and picking cotton. He stated that from 1949 to 1953 he did not work on vehicles or equipment, and began engine work in 1955. Plaintiff's counsel stipulated that Plaintiff's claims of asbestos exposure occurred from 1955 through 1979. Beginning in1953, and through 1979, Mr. Harris worked on tractors at Cobb Farm, including Ford tractors. Mr. Harris believes that he was exposed to asbestos from grinding the head gaskets and manifold gasket off on the tractors, clutch jobs, and brake jobs. Mr. Harris stated that he believed the parts were from Ford because the parts had "Ford" stamped on them. Between 1953 and 1979 Cobb Farm had an 8N, 9N, and 600 model Ford tractors. Along with gasket work, at least once a year Mr. Harris would do clutch work. He could not recall the brand name, trade name, or manufacturer name of the clutches he removed, installed or ordered. With respect to the 8N tractor model, he did gasket work between twice a month to once a year. He estimated that he performed gasket work on the 8N tractor three or four times while at Cobb Farm. Mr. Harris worked on the "big" Ford tractors from '65 to '66. Mr. Harris did not know the brand of brakes he removed, nor the amount of brake jobs he performed, but said it was more than five times. Mr. Harris performed clutch work on the 8N models once a year and did not know the brand name, manufacturer name, trade name, or where the

clutches were purchased. With respect to the gasket work in the 8N model, he recalled working with Fel-Pro gaskets.

Additionally, Cobb Farm had 9N tractors from the 1950s through the 1960s. Mr. Harris performed brake jobs on the 9N tractors about once a year. Mr. Harris could not recall the brand name, trade name, manufacture name of brakes he removed or installed. He also could not recall where the brakes were purchased. Mr. Harris did clutch work on the 9N models once a year to maybe every two years. Similarly, he did not recall the brand name, trade name, manufacture name, or where the clutches were purchased. Finally, he testified that he performed gasket work on the 9N models from three times a week to once year. However, he was unable to recall the name of the gaskets and where they were purchased. Mr. Harris also recalls Cobb Farm owning four 600 Ford tractors from 1956 through the 1960s. He performed brake work on this model once a year. Mr. Harris could not recall the name of the brakes he removed or installed. Similarly, Mr. Harris performed clutch work on the 600 Fords two to three times total. He was unable to recall the name of the clutches he removed and installed. Once a year Mr. Harris performed gasket work on the 600 Fords, but was unable to recall the product name of both the gaskets he removed and installed. For all of the work Mr. Harris did on the 600 Fords, he was unable to testify where the parts were purchased from. Cobb Farm also had Ford 5000s, 6000s, 7000s, TW25s, and TW30s. Mr.

Harris did not do brake work on these Ford models except one clutch job on the TW25s in the 1980s.

North Carolina substantive law applies to this case. In North Carolina, a plaintiff is required to establish "actual exposure to an asbestos-containing product manufactured, sold, or distributed by the defendant."[2] Plaintiff must provide evidence demonstrating that Plaintiff was exposed to an "offending" product.[3] The exposure must be more "than a casual or minimum contact with the product containing asbestos in order to the hold the manufacturer of that product liable. Instead, the plaintiff must present 'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'"[4] "Thus, in any asbestos case, a plaintiff must '(1) identify an asbestos-containing product for which a defendant is responsible, (2) prove that he has suffered damages, an (3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages.'"[5] A reasonable juror could not infer, beyond speculation, that Plaintiff worked with a Ford asbestos products. For all of the maintenance jobs Mr. Harris performed on the Ford tractors he was unable to name the brand of the parts he removed and the parts he installed. There

---

[2] *In re Freeman*, 2011 WL 379324 (Del. Super. Jan. 13, 2011) (citing *Wilder v. Amatex Corp.*, 336 S.E.2d at 66, 68 (N.C. 1985)).
[3] *Wilder*, 336 S.E.2d at 68.
[4] *Jones v. Owens-Corning Fiberglas Corp. & Amchem Prod., Inc.*, 69 F.3d 712, 716 (4th Cir. 1995).
[5] *Agner v. Daniel Int'l Corp.*, 2007 WL 57769, at *4 (W.D.N.C. Jan. 5, 2007).

is no evidence that he was the first person to work on the tractor, or that the tractor even had the original parts.  Mr. Harris recalled one time, upon counsel's leading question, that Ford was stamped on a tractor part.  However, as described above, when asked about the tractor parts individually he was unable to testify to the name of the parts, or even where the parts were from.

Accordingly, Defendant Ford Motor Company's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**
